

**Office of the New York State
Attorney General**

**Letitia James
Attorney General**

Writer's Direct Dial: (212) 416-6236

**VIA ECF**

November 20, 2025

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street, New York NY 10007

Re:   *Carey v. New York State Dep't of Health, et al.*, No. 23-cv-3061 (LGS)

Dear Judge Schofield:

This office represents the New York State Department of Health ("DOH") and Joshua Vinciguerra ("Defendants") in the above-captioned action. On November 21, 2025, Defendants will be filing motions *in limine*, including a Motion to Exclude the Testimony of Plaintiff's Proposed Expert, Steven J. Shapiro, Ph.D.  I write in accordance with Rule 6 the Electronic Case Filing Rules & Instructions for the Southern District of New York ("E-Filing Rules"), and Rule I(D)(3) of this Court's Individual Rules and Procedures for Civil Cases ("Individual Rules"), to seek permission to file a document under seal. The document reveals financial information of a non-party.

Pursuant to E-Filing Rule 21.4, "[c]aution should be exercised when filing documents that contain . . . Individual financial information." One exhibit that Defendants will be filing – Exhibit I to the Declaration of Julia Busetti in Support of Defendants' Motion to Exclude the Testimony of Plaintiff's Proposed Expert, Steven J. Shapiro, Ph.D. – is an excerpt of a spreadsheet that details the payroll information of a non-party employed at DOH, which constitutes individual financial information.

Pursuant to Individual Rule I(D)(3), this letter motion includes an appendix that identifies all parties and attorneys of record who should have access to the sealed document, and Exhibit I is being filed concurrently herewith. Pursuant to Standing Order M10-468, Defendants will also provide a copy to counsel of record through means other than ECF.

Thank you for Your Honor's time and consideration of this request.

Respectfully submitted,

     /s/ Erin R. McAlister
Erin R. McAlister
Assistant Attorney General
Erin.McAlister@ag.ny.gov

cc:  All Counsel of Record (via ECF and e-mail)

Appendix

The following parties and counsel of record should have access to the sealed document filed herewith:

Parties:

Plaintiff Charee Carey
Defendant New York State Department of Health
Defendant Josh Vinciguerra
Defendant Danny Vazquez
Defendant Michael Shelhamer
Defendant Rick Boettcher

Counsel of Record:

Samuel Okwudili Maduegbuna
Maduegbuna Cooper LLP
30 Wall Street, 8th floor
New York, NY 10005
(212) 232-0155
Fax: (212)-232-0156
Email: sam.m@mcande.com

Erin Ruth McAlister
New York State Office of the Attorney
General (28 Liberty)
28 Liberty Street, 15th Floor
New York, NY 10005
(212) 416-6236
Fax: 212-416-6009
Email: erin.mcalister@ag.ny.gov

Julia Alexandra Busetti
New York State Office of the Attorney
General
28 Liberty Street, 17th Floor
New York, NY 10005
212-416-8559
Fax: 212-416-6009
Email: julia.busetti@ag.ny.gov

Linda Fang
NYS Office of The Attorney General
28 Liberty Street
New York, NY 10005
212-416-8580
Email: linda.fang@ag.ny.gov

Thomas A. Capezza
Capezza Hill, LLP
30 S. Pearl Street
Suite P-110
Albany, NY 12211
518-478-6065
Fax: 518-407-5661
Email: tom@capezzahill.com

Alexandra Von Stackelberg
Capezza Hill, LLP
30 South Pearl Street
Ste P-110
Albany, NY 12207
518-478-6065
Email: allee@capezzahill.com

The Motion to Seal is **GRANTED.**

"The common law right of public access to judicial documents is firmly rooted in our nation's history," but this right is not absolute and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").

The information Defendants seek to seal is a spreadsheet with 2023 earnings and overtime information for an employee who is not a party to this action. The spreadsheet states hours worked, gross amounts earned and the identity of the employee. Because other filings refer to the name of the employee, the proposed seal is narrowly tailored to maintain the confidentiality of that information.

The Clerk of Court is respectfully directed to maintain Dkt. No. 178 under seal and to close the motion at Dkt. No. 177.

Dated: December 2, 2025
　　　　New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE